IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC., WARNER-LAMBERT COMPANY LLC, and PF PRISM IMB B.V., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| NATCO PHARMA, INC. and NATCO PHARMA, LTD., | ) ) ) | |
| Defendants. | ) ) | |

## **COMPLAINT**

Plaintiffs Pfizer Inc.; Warner-Lambert Company LLC; and PF PRISM IMB B.V. (collectively, "Pfizer") file this Complaint for patent infringement against Natco Pharma, Inc. and Natco Pharma, Ltd. (collectively, "Natco"), and by their attorneys, hereby alleges as follows:

1.     This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of Natco's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import generic versions of IBRANCE® (palbociclib) tablets, 75 mg, 100 mg, and 125 mg, prior to the expiration of U.S. Patent No. 11,065,250 ("the '250 patent").

2.     Natco Pharma, Ltd. notified Pfizer by letter dated September 21, 2021 ("Natco's Notice Letter") that it had submitted to the FDA ANDA No. 216173 ("Natco's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, and/or sale of generic palbociclib tablets, 75 mg, 100 mg, and 125 mg ("Natco's ANDA Products") prior to the expiration of the patent-in-suit.

## PARTIES

3.     Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 235 East 42nd Street, New York, New York 10017.   Pfizer Inc. is the holder of New Drug Application ("NDA") No. 212436 for the manufacture and sale of palbociclib tablets, 75 mg, 100 mg, and 125 mg, which has been approved by the FDA.

4.     Plaintiff Warner-Lambert Company LLC is a limited liability company organized and existing under the laws of the State of Delaware, and having a place of business at 235 East 42nd Street, New York, New York 10017.

5.     Plaintiff PF PRISM IMB B.V. is a private limited liability company (*besloten venootschap*) organized under the law of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJessel, the Netherlands.

6.     Upon information and belief, defendant Natco Pharma, Ltd. is a company organized and existing under the laws of the Republic of India with its principal place of business at Natco House, Road No-2, Banjara Hills, Hyderabad 500034, India.   Upon information and belief, Natco Pharma, Ltd. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products through various operating subsidiaries, including Natco Pharma, Inc.

7.     Upon information and belief, defendant Natco Pharma, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 241 West Roseville Road, Lancaster, PA 17601.   Upon information and belief, Natco Pharma,

Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

8. Upon information and belief, Natco Pharma, Inc. is a wholly owned subsidiary of Natco Pharma, Ltd.

9. Upon information and belief, Natco Pharma, Inc. is the designated U.S. agent for Natco Pharma, Ltd. in connection with Natco's ANDA.

10. Upon information and belief, Natco Pharma, Ltd. and Natco Pharma, Inc. acted in concert to prepare and submit Natco's ANDA to the FDA.

11. Upon information and belief, Natco Pharma, Ltd. and Natco Pharma, Inc. know and intend that upon approval of Natco's ANDA, Natco Pharma, Ltd. will manufacture Natco's ANDA Products and Natco Pharma, Inc. will directly or indirectly market, sell, and distribute Natco's ANDA Products throughout the United States, including in Delaware. Upon information and belief, Natco Pharma, Ltd. and Natco Pharma, Inc. are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Natco's ANDA Product, and enter into agreements with each other that are nearer than arm's length. Upon information and belief, Natco Pharma, Inc. participated in, assisted, and cooperated with Natco Pharma, Ltd. in the acts complained of herein.

## JURISDICTION

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 and 2202.

13. Natco Pharma, Ltd. is subject to personal jurisdiction in Delaware because, among other things, Natco Pharma, Ltd., itself and through its wholly-owned subsidiary Natco Pharma, Inc., has purposely availed itself of the benefits and protections of Delaware's laws such that it

3

should reasonably anticipate being haled into court here. Upon information and belief, Natco Pharma, Ltd., itself and through its subsidiary Natco Pharma, Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware related to Pfizer's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware. In addition, Natco Pharma, Ltd. is subject to personal jurisdiction in Delaware because, upon information and belief, it controls Natco Pharma, Inc. and therefore the activities of Natco Pharma, Inc. in this jurisdiction are attributed to Natco Pharma, Ltd.

14. Natco Pharma, Inc. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Natco Pharma, Inc. is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, upon information and belief, Natco Pharma, Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Pfizer's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

15. Natco has previously used the process contemplated by the Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355(j) (the "Hatch-Waxman Act"), to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("FDCA"),

21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

16.    Upon information and belief, Natco, with knowledge of the Hatch-Waxman Act process, directed Natco's Notice Letter to, *inter alia*, Pfizer Inc., an entity incorporated in Delaware, and alleged in Natco's Notice Letter that the patent-in-suit is not infringed. Upon information and belief, Natco knowingly and deliberately challenged Pfizer's patent rights, and knew when it did so that it was triggering the forty-five day period for Pfizer to bring an action for patent infringement under the Hatch-Waxman Act.

17.    Because Pfizer Inc. is incorporated in Delaware, Pfizer Inc. suffers injury and consequences from Natco's filing of Natco's ANDA challenging Pfizer's patent rights in Delaware. Upon information and belief, Natco knew that it was deliberately challenging the patent rights of a Delaware entity and intellectual property held in Delaware. Natco has been a litigant in connection with other infringement actions under the Hatch-Waxman Act, and reasonably should have anticipated that by sending Natco's Notice Letter to Pfizer Inc., a Delaware corporation, it would be sued in Delaware for patent infringement.

18.    Upon information and belief, if Natco's ANDA is approved, Natco will directly or indirectly manufacture, market, sell, and/or distribute Natco's ANDA Products within the United States, including in Delaware, consistent with Natco's practices for the marketing and distribution of other generic pharmaceutical products. Upon information and belief, Natco regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. Upon information and belief, Natco's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. Upon

information and belief, Natco's ANDA Products will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of Pfizer's patent in the event that Natco's ANDA Products are approved before the patent-in-suit expires.

19.     Upon information and belief, Natco derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Natco and/or for which Natco Pharma, Inc. or Natco Pharma, Ltd. is the named applicant on approved ANDAs.   Upon information and belief, various products for which Natco Pharma, Ltd. and/or Natco Pharma, Inc. is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

20.     Alternatively, if Natco Pharma, Ltd.'s connections with Delaware, including its connections with Natco Pharma, Inc. are found to be insufficient to confer personal jurisdiction, then, upon information and belief, Natco Pharma, Ltd. is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Natco Pharma Ltd. in Delaware is consistent with the United States Constitution and laws.  *See* Fed. R. Civ. P. 4(k)(2).

## **VENUE**

21.     Venue is proper in this district as to Natco Pharma, Ltd. pursuant to 28 U.S.C. § 1391 because, *inter alia*, Natco Pharma, Ltd. is a corporation organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.

22.     Venue is proper in this district as to Natco Pharma, Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Natco Pharma, Inc. is a corporation organized and

existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND

23. IBRANCE®, which contains palbociclib, is approved for the treatment of HR-positive, HER2-negative advanced or metastatic breast cancer.

24. Upon information and belief, Natco's ANDA Products are a generic version of IBRANCE®.

25. Plaintiffs are filing this Complaint within forty-five days of receipt of Natco's Notice Letter.

## COUNT I - INFRINGEMENT OF THE '250 PATENT

26. Pfizer incorporates each of the preceding paragraphs as if fully set forth herein.

27. The inventors named on the '250 patent are Fady Makram Louiz Ibrahim, Matthew Patrick Mullarney, Ravi M. Shanker, Barbara Rodriguez Spong, and Jian Wang.

28. The '250 patent, entitled "Solid Dosage Forms of Palbociclib" (attached as Exhibit A), was duly and legally issued on July 20, 2021.

29. Pfizer is the owner and assignee of the '250 patent.

30. The '250 patent claims, *inter alia*, a tablet formulation consisting of palbociclib and other inactive ingredients as recited in claim 1 of the '250 patent.

31. IBRANCE® is covered by one or more claims of the '250 patent, including claim 1 of the '250 patent, and the '250 patent has been listed in connection with IBRANCE® in the FDA's Orange Book.

32. In Natco's Notice Letter, Natco notified Pfizer of the submission of Natco's ANDA to the FDA. The purpose of this submission was to obtain, *inter alia*, approval under the FDCA

to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Natco's ANDA Products prior to the expiration of the '250 patent.

33. In Natco's Notice Letter, Natco also notified Pfizer that, as part of its ANDA, Natco had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '250 patent. Upon information and belief, Natco submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '250 patent will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Products.

34. According to Natco's Notice Letter, Natco's ANDA Products contain palbociclib. Upon information and belief, Natco's ANDA Products contain palbociclib in an amount that satisfies literally and/or by equivalents the palbociclib limitation of claim of 1 of the '250 patent.

35. Upon information and belief, Natco's ANDA Products contain inactive ingredients that satisfy, literally and/or by equivalents, the limitations of claim 1 concerning materials other than palbociclib that are contained in the claimed formulation. Natco's Notice Letter did not contest that Natco's ANDA Products literally and/or by equivalents satisfy various of the limitations of claim 1 of the '250 patent.

36. Upon information and belief, Natco's ANDA Products and the use of Natco's ANDA Products in accordance with their proposed labeling are covered literally and/or under the doctrine of equivalents by one or more claims of the '250 patent, including at least claim 1 of the '250 patent.

37. In Natco's Notice Letter, Natco did not contest the validity of any claim of the '250 patent.

38.     Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Products before the expiration of the '250 patent was an act of infringement of the '250 patent under 35 U.S.C. § 271(e)(2)(A).

39.     Upon information and belief, Natco will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Products immediately and imminently upon approval of its ANDA.

40.     Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Natco's ANDA Products would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '250 patent, including at least claim 1 of the '250 patent.

41.     Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Natco's ANDA Products in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '250 patent, including at least claim 1 of the '250 patent.

42.     Upon information and belief, Natco plans and intends to, and will, actively induce infringement of the '250 patent when Natco's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Natco's activities will be done with knowledge of the '250 patent and specific intent to infringe that patent.

43.     Notwithstanding Natco's knowledge of the claims of the '250 patent, Natco has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Natco's ANDA Products with their product labeling following FDA approval of Natco's ANDA prior to the expiration of the '250 patent.

44.     The foregoing actions by Natco constitute and/or will constitute infringement of the '250 patent and active inducement of infringement of the '250 patent.

45.     Upon information and belief, Natco has acted with full knowledge of the '250 patent and without a reasonable basis for believing that it would not be liable for infringement of the '250 patent and active inducement of infringement of the '250 patent.

46.     Pfizer will be substantially and irreparably damaged by infringement of the '250 patent.

47.     Unless Natco is enjoined from infringing the '250 patent and actively inducing infringement of the '250 patent, Pfizer will suffer irreparable injury.   Pfizer has no adequate remedy at law.

## COUNT II - DECLARATORY JUDGMENT
## OF INFRINGEMENT OF THE '250 PATENT

48.     Pfizer incorporates each of the preceding paragraphs as if fully set forth herein.

49.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Pfizer on the one hand and Natco on the other regarding Natco's infringement and active inducement of infringement of the '250 patent.

50.     The '250 patent claims, *inter alia*, a tablet formulation consisting of palbociclib and other inactive ingredients as recited in claim 1 of the '250 patent.

51.     IBRANCE® is covered by one or more claims of the '250 patent, including claim 1 of the '250 patent, and the '250 patent has been listed in connection with IBRANCE® in the FDA's Orange Book.

52.     In Natco's Notice Letter, Natco notified Pfizer of the submission of Natco's ANDA to the FDA.   The purpose of this submission was to obtain, *inter alia*, approval under the FDCA

10

to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Natco's ANDA Products prior to the expiration of the '250 patent.

53. In Natco's Notice Letter, Natco also notified Pfizer that, as part of its ANDA, Natco had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '250 patent. Upon information and belief, Natco submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '250 patent will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Products.

54. According to Natco's Notice Letter, Natco's ANDA Products contain palbociclib. Upon information and belief, Natco's ANDA Products contain palbociclib in an amount that satisfies literally and/or by equivalents the palbociclib limitation of claim of 1 of the '250 patent.

55. Upon information and belief, Natco's ANDA Products contain inactive ingredients that satisfy, literally and/or by equivalents, the limitations of claim 1 concerning materials other than palbociclib that are contained in the claimed formulation. Natco's Notice Letter did not contest that Natco's ANDA Products literally and/or by equivalents satisfy various of the limitations of claim 1 of the '250 patent.

56. Upon information and belief, Natco's ANDA Products and the use of Natco's ANDA Products in accordance with their proposed labeling are covered literally and/or under the doctrine of equivalents by one or more claims of the '250 patent, including at least claim 1 of the '250 patent.

57. In Natco's Notice Letter, Natco did not contest the validity of any claim of the '250 patent.

58.     Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Products before the expiration of the '250 patent was an act of infringement of the '250 patent under 35 U.S.C. § 271(e)(2)(A).

59.     Upon information and belief, Natco will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Products immediately and imminently upon approval of its ANDA.

60.     Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Natco's ANDA Products would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '250 patent, including at least claim 1 of the '250 patent.

61.     Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Natco's ANDA Products in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '250 patent, including at least claim 1 of the '250 patent.

62.     Upon information and belief, Natco plans and intends to, and will, actively induce infringement of the '250 patent when Natco's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Natco's activities will be done with knowledge of the '250 patent and specific intent to infringe that patent.

63.     Notwithstanding Natco's knowledge of the claims of the '250 patent, Natco has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Natco's ANDA Products with their product labeling following FDA approval of Natco's ANDA prior to the expiration of the '250 patent.

64. The foregoing actions by Natco constitute and/or will constitute infringement of the '250 patent and active inducement of infringement of the '250 patent.

65. Upon information and belief, Natco has acted with full knowledge of the '250 patent and without a reasonable basis for believing that it would not be liable for infringement of the '250 patent and active inducement of infringement of the '250 patent.

66. Pfizer will be substantially and irreparably damaged by infringement of the '250 patent.

67. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Natco's ANDA Products with its proposed labeling, or any other Natco drug product that is covered by or whose use is covered by the '250 patent, will infringe and induce the infringement of the '250 patent.

## PRAYER FOR RELIEF

WHEREFORE, Pfizer requests the following relief:

(a) A judgment that the patent-in-suit has been infringed under 35 U.S.C. § 271(e)(2) by Natco's submission to the FDA of Natco's ANDA;

(b) A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, or sale of Natco's ANDA Products, or any other drug product that infringes or the use of which infringes the patent-in-suit, be not earlier than the expiration dates of said patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A preliminary and permanent injunction enjoining Natco, and all persons acting in concert with Natco, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Natco's ANDA Products, or any other drug

product covered by or whose use is covered by the patent-in-suit, prior to the expiration of said patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Natco's ANDA Products, or any other drug product which is covered by or whose use is covered by the patent-in-suit, prior to the expiration of said patent, will infringe and induce the infringement of said patent;

(e)    A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(f)    Costs and expenses in this action; and

(g)    Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

_____

Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

David I. Berl
Christopher J. Mandernach
Seth R. Bowers
Michael Xun Liu
Kevin Hoagland-Hanson
Andrew Hoffman
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000

October 19, 2021

14